**SUBJECT TO FED. R. EVID. 408**

## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE AMERICAN CAPITAL, LTD. DERIVATIVE LITIGATION )<br><br>This Document Relates To: )<br><br>ALL ACTIONS ) | Lead Case No.:          8:11-cv-2424-PJM<br><br>Consolidated With:    8:11-cv-2428-AW<br><br>8:11-cv-2459-RWT |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated February 19, 2013 (the "Stipulation"), is made and entered into by and among the following parties (collectively, the "Parties"), each by and through their respective counsel:   (i) plaintiffs Henry Butler, Maria Saenz Briones and Louis Britt (collectively, the "Federal Plaintiffs"), derivatively on behalf of American Capital, Ltd.; (ii) plaintiff Vernon Probanz, derivatively on behalf of American Capital, Ltd. (the "State Plaintiff") (collectively, the Federal Plaintiffs and State Plaintiff are referred to herein as "Plaintiffs"); (iii) Defendants (as defined in ¶ 1.d); and (iv) Nominal Defendant (as defined in ¶ 1.i).  Through this Stipulation, the Parties fully, finally and forever resolve, discharge and settle the Released Claims (as defined in ¶ 1.m), upon and subject to the terms and conditions hereof.

WHEREAS, on or about August 29, 2011, Plaintiff Henry Butler filed a shareholder derivative complaint in the United States District Court for the District of Maryland (the "Federal Court"), styled as *Butler v. Wilkus, et al*, on behalf of American Capital and against Defendants. Plaintiffs Maria Saenz Briones and Louis Britt each filed substantially similar shareholder derivative complaints on August 30, 2011, and August 31, 2011, respectively, in the Federal Court styled as *Briones v. Wilkus, et al.* and *Britt v. Wilkus, et al.*, respectively;

**SUBJECT TO FED. R. EVID. 408**

WHEREAS, on September 19, 2011, the parties to the above-mentioned federal derivative cases filed a stipulation to appoint lead counsel and consolidate the cases into a matter styled as *In re American Capital, Ltd. Derivative Litigation*;

WHEREAS, on September 22, 2011, the Federal Court approved the above-mentioned stipulation, and, on December 5, 2011 the Federal Plaintiffs filed their consolidated verified shareholder derivative complaint (the "Federal Action"), which is currently pending before the Federal Court;

WHEREAS, on or about September 23, 2011, the State Plaintiff filed a fourth substantially similar complaint in the Circuit Court for Montgomery County, Maryland (the "State Court"), styled as *Pobaz v. Wilkus, et al*. ("State Action" and, collectively with the Federal Action, "the Actions");

WHEREAS, the Actions assert claims for breach of fiduciary duty and unjust enrichment against the Defendants pertaining to, among other things, false and misleading statements the Defendants caused the Company to make concerning the Company's dividend and other matters;

WHEREAS, on March 26, 2012, Plaintiffs, Defendants, and Nominal Defendant (collectively "the Parties") reached an agreement in principle set forth in a Memorandum of Understanding ("MOU") that provided for the material terms of the settlement of the Actions between and among Plaintiffs, Defendants and Nominal Defendant on the terms and conditions set forth in the MOU and below;

WHEREAS, following the execution of the MOU, Plaintiffs' Counsel conducted confirmatory discovery;

2

**SUBJECT TO FED. R. EVID. 408**

WHEREAS, Plaintiffs and Plaintiffs' Counsel (defined below at ¶ 1.l) have determined that a settlement of the Actions on the terms reflected in this Stipulation is fair, reasonable, and adequate;

WHEREAS, Plaintiffs' Counsel represent that they have conducted an extensive investigation during the development and prosecution of the Actions.  They represent that this investigation has included, *inter alia*: (i) inspecting, reviewing and analyzing the Company's public filings; (ii) preparing detailed complaints; (iii) researching the applicable law with respect to the claims asserted in the Actions and the potential defenses thereto; (iv) reviewing and analyzing the filings in the Securities Action; (v) researching corporate governance issues; (vi) conducting confirmatory discovery, including the review of more than three (3) million pages of documents, the service of written interrogatories and an interview with Defendant Samual A. Flax; and (vii) participating in numerous telephonic conferences with Defendants' and Nominal Defendant's Counsel;

WHEREAS, the State Action has been dismissed by the State Court provided that, if the settlement set forth in this Stipulation is not finalized, the State Plaintiff may in that limited event refile the State Action;

WHEREAS, Defendants have denied, and continue to deny, that any of them have committed any violations of law or breaches of duty and expressly maintain that they diligently and scrupulously complied with any and all fiduciary and other legal duties but, to avoid the costs, disruption and distraction of further litigation, and without admitting the validity of any allegation made in these Actions, or any liability with respect thereto, have concluded that it is desirable that the claims against them be settled and dismissed on the terms reflected in this Stipulation;

**SUBJECT TO FED. R. EVID. 408**

NOW, THEREFORE, IT IS STIPULATED, CONSENTED TO AND AGREED, by Plaintiffs, Defendants and Nominal Defendant, that, subject to the approval of the Federal Court, for good and valuable consideration set forth herein, the Federal Action shall be dismissed on the merits with prejudice as to all Defendants, and the Released Claims (as defined below) shall be completely, fully, finally and forever compromised, settled, released, discharged, extinguished, and dismissed with prejudice and without costs (except as provided by ¶¶ 8-11 below) as to all Released Parties (as defined below), upon the terms and conditions set forth in this Stipulation, which is intended to be a full and final resolution of the Released Claims.

**DEFINITIONS**

1.      The following capitalized terms used in this Stipulation shall have the meanings specified below:

a.      "Board" means the current directors serving on the American Capital Board of Directors.

b.      "Court Approval" means the entry of the Judgment.

c.      "Current American Capital Stockholder(s)" means any record or beneficial holder of American Capital common stock as of February 19, 2013, and their successors and assigns.

d.      "Defendants" means Mary Baskin, Neil Hahl, John Koskinen, Philip Harper, Stan Lundine, Kenneth Peterson, Alvin Puryear, Malon Wilkus, John R. Erickson, Ira Wagner, Samuel A. Flax, and Richard E. Konzmann.

e.      "Defendants' Counsel" and "Nominal Defendant's Counsel" means counsel of record who represent Defendants and Nominal Defendant in the Actions: Scott B.

**SUBJECT TO FED. R. EVID. 408**

Schreiber, John Massaro, Arthur Luk, Kavita Kumar Puri, and Robert A. Stolworthy of Arnold & Porter LLP, located at 555 Twelfth Street, NW, Washington, DC  20004.

      f.      "Effective Date" shall be the date on which the Order of the Federal Court granting final approval of the Settlement of the Federal Action becomes final and no longer subject to appeal or review, whether by exhaustion of any possible appeal, writ of certiorari, lapse of time or otherwise.  The finality of the Judgment shall not be affected by any appeal or other proceeding regarding solely an application for attorneys' fees and expenses.

      g.      "Judgment" means the Final Order and Judgment to be entered in the Federal Action substantially in the form attached as <u>Exhibit B</u> hereto.

      h.      "Federal Plaintiffs' Counsel" means (i) Kip B. Shuman and Rusty E. Glenn of The Shuman Law Firm, located at 885 Arapahoe Avenue, Boulder, CO 80302 (the "Shuman Law Firm") and (ii) Francis A. Bottini, Jr. and Albert Y. Chang of Bottini & Bottini, Inc., located at 7817 Ivanhoe Ave., Suite 102, La Jolla, CA 92037 ("Bottini & Bottini").

      i.      "Nominal Defendant" means American Capital, Ltd.

      j.      "State Plaintiffs' Counsel" means Donald J. Enright and Nicholas I. Porritt of Levi & Korsinsky LLP, located at 1101 30th Street, NW, Suite 115, Washington, DC 20007 ("Levi & Korsinsky").

      k.      "Parties" and "Settling Parties" means collectively the Federal Plaintiffs, the State Plaintiff, Defendants and the Nominal Defendant.

      l.      "Plaintiffs' Counsel" means Federal Plaintiffs' Counsel and State Plaintiffs' Counsel.

**SUBJECT TO FED. R. EVID. 408**

m.      "Released Claims" means any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees, expenses, costs, matters and issues of any kind or nature whatsoever, whether known claims or Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in any action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law) by Plaintiffs or any Current American Capital Stockholder on behalf of American Capital or by American Capital against any Defendant or other officer, director or employee of American Capital and their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Parties"), whether or not any such Released Parties were named, served with process or appeared in the Actions, which relate in any way to, have arisen, could have arisen, arise now or hereafter arise out of or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to: (i) the Actions or the matters

**SUBJECT TO FED. R. EVID. 408**

alleged or which could have been alleged therein; (ii) the matters alleged or which could have been alleged in the Securities Action, to the extent those matters could be alleged as derivative claims, (iii) dividend matters from 2007 through the present; (iv) the fiduciary obligations, if any, of the Defendants or Released Parties in connection with the facts alleged in the Actions; (v) the disclosures or disclosure obligations of any of the Defendants or Released Parties in connection with the facts alleged in the Actions; and (vi) any other legal obligation, if any, of the Defendants or Released Parties in connection with the facts alleged in the Actions; provided, however, that the Released Claims shall not include any claims subject to the Final Judgment entered in the Securities Action or any claims to enforce the Stipulation.

n.  "Securities Action" means the related securities fraud class action case – *Klugmann v. American Capital Ltd.*, Case No. 8:09-cv-00005-PJM.

o.  "Settlement" means the settlement of the Actions between and among Plaintiffs and Defendants as set forth in this Stipulation and the MOU.

p.  "Settlement Hearing" means the hearing to be held by the Federal Court to determine whether the proposed Settlement should be approved as fair, reasonable and adequate; whether all Released Claims should be dismissed with prejudice; whether the Judgment approving the Settlement should be entered; and whether and in what amount any award of attorneys' fees and reimbursement of expenses should be paid to Federal Plaintiffs' Counsel by American Capital's insurer(s).

q.  "Unknown Claims" means any claim that any Plaintiff does not know or suspect exists in his, her or its favor or in the favor of American Capital at the time of the release of the Released Claims as against the Released Parties, including without limitation

**SUBJECT TO FED. R. EVID. 408**

those which, if known, might have affected the decision to enter into the Settlement.  With respect to any of the Released Claims, the Parties acknowledge that each Current American Capital Stockholder shall be deemed by operation of the Judgment by the Federal Court to expressly waive, relinquish and release any and all provisions, rights and benefits conferred by or under Cal. Civ. Code § 1542 or any law of the United States or any state of the United States or territory of the United States, or principle of common law, which is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs acknowledge that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Plaintiffs acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a material element of the Settlement and was relied upon by each and all of Defendants in entering into the Stipulation.

## SETTLEMENT CONSIDERATION

2.       In consideration for Settlement and dismissal with prejudice of the Federal Action and the releases provided herein, Defendants agreed to certain Corporate Governance Policies

**SUBJECT TO FED. R. EVID. 408**

requested by Plaintiffs.  The Corporate Governance Policies are set forth in ¶3 of the attached MOU annexed hereto as <u>Exhibit A.</u>

3.      Defendants and the Board of Directors of American Capital acknowledge that the commencement and prosecution of the Actions and the efforts of Plaintiffs and Plaintiffs' Counsel were a material and substantial factor that led to American Capital's agreement to implement the Corporate Governance Policies in <u>Exhibit A</u>.  The Parties believe that the Settlement provides fair, reasonable and adequate consideration to American Capital and Current American Capital Stockholders in that it provides for increased guidance regarding the orderly declaration of dividends, if any, as well as certain safeguards regarding (i) Director stock ownership, training, and practices, and (ii) bonus or other incentive-based or equity-based compensation paid to American Capital's Chief Executive Officer and Chief Financial Officer.

<u>SUBMISSION TO THE COURT/SCHEDULING ORDER</u>

4.      As soon as practicable after the execution of this Stipulation, and after the completion of confirmatory discovery, the Parties shall jointly submit the Stipulation together with its related documents to the Federal Court, and shall apply to the Federal Court for the entry of a scheduling order (the "Scheduling Order") substantially in the form attached hereto as <u>Exhibit C</u>, which includes provisions, among others, that:

a.      Schedule a Settlement Hearing to consider the proposed Settlement; and

b.      Approve the Notice in the form attached hereto as <u>Exhibit D</u>.

<u>NOTICE OF SETTLEMENT</u>

5.      American Capital and / or its insurer(s) shall be responsible (and shall bear the reasonable costs) for the reproduction and distribution of the Notice in the form attached hereto as <u>Exhibit D</u> or as otherwise approved by the Court (the "Notice").  No later than fifteen (15) days

**SUBJECT TO FED. R. EVID. 408**

after entry and service of the Scheduling Order, American Capital shall cause the Notice to be published in *Investor's Business Daily* and to be posted on the Investor Relations page of American Capital's website, and/or in any such other manner that the Court may order.  At least fifteen (15) days prior to the Settlement Hearing, counsel for American Capital shall file with the Court an appropriate affidavit with respect to the preparation and publication of the Notice.

**FINAL COURT APPROVAL**

6.      If the Settlement (including any modification thereto made with the consent of the Plaintiffs and Defendants as provided for herein) is approved by the Federal Court after the Settlement Hearing, the Parties shall jointly request the entry of the Judgment substantially in the form attached hereto as Exhibit B, which includes provisions, among others, that:

a.      Approve this Stipulation, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of the terms and provisions of the Settlement;

b.      Dismiss the Federal Action with prejudice, and without costs (except as set forth in ¶¶ 8-11 below);

c.      Provide for the final release of the Released Claims;

d.      Provide for the final release of the Released Parties;

e.      Reserve jurisdiction for the purpose of effectuating the Settlement; and

f.      Act upon Federal Plaintiffs' Counsel's motion for an award of attorney's fees and expenses as set forth herein.

**DISMISSAL AND RELEASE**

7.      On the Effective Date:

a.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Actions, and any and all related claims as to any settling party to the

10

**SUBJECT TO FED. R. EVID. 408**

Actions, or any party that could have been named in this Federal Action or any related action.

      b.      Plaintiffs, American Capital, and Defendants and their respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors, and assigns, shall and hereby do completely, fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties;

      c.      The Released Parties shall be deemed to be fully, finally, and forever released and discharged from all of the Released Claims;

      d.      Plaintiffs, American Capital, and Defendants and their respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors and assigns, agree not to institute, maintain, or prosecute any or all Released Claims against any or all of the Released Parties, or their respective counsel, and shall be forever barred and enjoined from asserting, commencing, assisting, instituting, prosecuting or in any way participating in the commencement or prosecution of any Released Claims against any of the Released Parties; and

      e.      Each party and its respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors, shareholders and assigns agrees to release, and shall and hereby do completely, fully, finally, and forever release, relinquish, and discharge all claims against every other party and that party's counsel arising out of or relating to the institution, prosecution, settlement and resolution of the Actions (the "Release of Parties"); provided, however, that the Release of Parties shall not include the right to, or any claim or action brought to, enforce this Stipulation or the confidentiality stipulation agreed upon by the Parties.

SUBJECT TO FED. R. EVID. 408

## ATTORNEYS' FEES

8.    Defendants agree that they do not and will not contest that the Settlement provides substantial benefits to American Capital and Current American Capital Stockholders, and have agreed, subject to Court approval, to pay or cause their insurance carrier(s) to pay Plaintiffs' Counsel $710,000 in fees and expenses (the "Attorney Fee Award").  The Parties negotiated at arm's-length regarding the amount of attorney fees and expenses to be paid to Plaintiffs' Counsel, and no such discussions occurred until after the Parties had reached an agreement on the substance of the Settlement.  Ultimately, the Parties were unable to agree on an amount of fees, and thus mediated and then arbitrated the fee award, with the Hon Layn Phillips (Ret.). serving as mediator and arbitrator.  The Attorney Fee Award provided for herein represents the amount determined by Judge Phillips through such process.  Subject to the terms and conditions contained herein, Federal Plaintiffs' Counsel shall apply to the Federal Court on behalf of all Plaintiffs' Counsel for an award of such agreed-to attorneys' fees, costs and expenses (the "Attorneys' Fee Application").  No other application for any award of attorneys' fees, expenses, costs or other relief shall be filed by any other plaintiff or plaintiffs' counsel in any other court, and the Federal Court shall be the exclusive forum for submission of any fee application.

(i)    The Attorney Fee Award shall be allocated by Federal Plaintiffs' Counsel among all Plaintiffs' Counsel in a manner that Federal Plaintiffs' Counsel in good faith believe reflects the contribution of each counsel's contribution to the institution, prosecution and resolution of the Actions.  Defendants shall have no liability whatsoever with respect to the allocation of the Attorney Fee Award by Federal Plaintiffs' Counsel.  Any disapproval or modification of the Attorney Fee Award by the Federal Court shall not affect the enforceability of this Settlement or

**SUBJECT TO FED. R. EVID. 408**

provide any of the Settling Parties with the right to terminate the Settlement as set forth in this Stipulation. If there is any objection to, or disagreement with, the allocation of fees and expenses by Federal Plaintiffs' Counsel, Plaintiffs' Counsel shall resolve any differences through binding, non-appealable mediation with the Hon. Layn Phillips (Ret.).

(ii)     Based on the benefits achieved through the prosecution of the Actions, Federal Plaintiffs' Counsel intend to seek Court approval for an award in the amount of $1,000 (the "Service Awards") for each of the Plaintiffs.  Defendants and American Capital will not object to a request for Court approval of the Service Awards.  The Service Awards shall be funded by the Fee Award to the extent approved in whole or part.

9.     Within three (3) business days after the entry of an order preliminarily approving the Settlement, American Capital and / or its insurer(s) will make a payment of the attorneys' fees and expenses awarded by the Federal Court to The Shuman Law Firm.  These funds shall be held by The Shuman Law Firm, as receiving agent for Plaintiffs' Counsel until such time as they are allocated among Plaintiffs' Counsel.  Each Plaintiff's Counsel receiving an allocation agrees to refund the principal amount and any accrued interest thereon it received if and when, as a result of (a) any further order of the Federal Court, (b) any further order of the State Court, (c) any appeal and further proceedings on remand, or (d) successful collateral attack, the Settlement does not become final on the Effective Date.

10.     The Attorney Fee Award shall constitute full and complete compensation for all of Plaintiffs' Counsel's services in the Actions.  Upon payment of the attorneys' fees and expenses awarded, Defendants and their insurer(s) shall be discharged from any further liability for payment of Plaintiffs' attorneys' fees, costs or expenses in the Actions.

**SUBJECT TO FED. R. EVID. 408**

11.     Final resolution of the Attorneys' Fee Application shall not be a condition of the dismissal of the Federal Action.

## CONDITIONS OF SETTLEMENT

12.     This Stipulation shall be null and void and of no force and effect unless: (i) the Board has adopted the Corporate Governance Enhancements as provided for in Exhibit A, (ii) the Federal Court enters the Scheduling Order substantially in the form attached hereto as Exhibit C, (iii) the Federal Court enters the Judgment substantially in the form attached hereto as Exhibit B, and (iv) the Effective Date occurs.  Each party shall have the right to withdraw from the Settlement upon the failure of any of the foregoing conditions.  In such event, the Parties shall return to their respective litigation positions in the Actions as of the time immediately prior to the date of the execution of the MOU, as though it was never executed or agreed to, and this Stipulation shall not be deemed to prejudice in any way the positions of the Parties with respect to the Actions, or to constitute an admission of fact by any Party, shall not entitle any Party to recover any costs or expenses incurred in connection with the implementation of this Stipulation, and neither the existence of this Stipulation or the MOU, nor either documents' contents, shall be admissible in evidence or be referred to for any purposes in the Actions or in any litigation or judicial proceeding, other than to enforce the terms hereof.

## BEST EFFORTS

13.     The Parties and their respective counsel agree to cooperate fully with one another in seeking the Court's approval of this Stipulation and the Settlement and to use their best efforts to effect the consummation of this Stipulation and the Settlement (including, but not limited to, using their best efforts to resolve any objections raised to the Settlement) and the dismissal of the Federal Action with prejudice.

**SUBJECT TO FED. R. EVID. 408**

14.     Furthermore, if any action is filed in any court asserting claims that are related to the subject matter of the Actions prior to Court Approval of the proposed Settlement, Plaintiffs shall cooperate with Defendants in obtaining the dismissal or withdrawal of such related litigation, including where appropriate joining in any motion to dismiss such litigation.

## NO ADMISSION OF FAULT

15.     Defendants have denied, and continue to deny, that any of them have committed any violations of law or breaches of duty and expressly maintain that they diligently and scrupulously complied with any and all fiduciary and other legal duties including obligations regarding revision of American Capital's dividend policies and disclosure to American Capital's shareholders.   Defendants are entering into the Stipulation solely because they consider it desirable that the Federal Action be settled and dismissed with prejudice in order to (i) eliminate the burden, inconvenience, expense, risk and distraction of further litigation, and (ii) finally put to rest and terminate all the claims which were or could have been asserted against Defendants in the Actions.

16.     No provision contained in this Stipulation shall be deemed a presumption, concession or admission by any Defendant of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Actions, or any other action or proceeding that has been, will be, or could be brought, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Actions, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided expressly herein.  The existence of this Stipulation or the MOU or their contents, or any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or

**SUBJECT TO FED. R. EVID. 408**

otherwise used by any person for any purpose in the Actions or in any other action, litigation, or proceeding (whether civil, criminal, or administrative), except as may be necessary to enforce or obtain Court Approval, or as may be necessary to explain to the Court or any member of the why the Settlement was not consummated in the event that it is terminated, or to move to dismiss or stay an action relating to the Released Claims.  This provision shall remain in force in the event the Settlement is terminated.

<u>RETURN OF DOCUMENTS</u>

17.     Plaintiffs' Counsel agree that within thirty (30) days of the Effective Date, they will return to the producing party all discovery material obtained from such producing party, including all documents produced by any of the Defendants or any of the Released Parties in the Actions (herein "Discovery Material"), or destroy all such Discovery Material and certify to that fact; provided, however, that Plaintiffs' Counsel shall be entitled to retain all filings, court papers, deposition and trial transcripts, and attorney work product containing or reflecting Discovery Materials, subject to the requirement that Plaintiffs' Counsel shall not disclose any information contained or referenced in the Discovery Material to any person except pursuant to court order or agreement with Defendants.  The Parties agree to submit to the Court any dispute concerning the return or destruction of Discovery Material.

<u>EXECUTION OF COUNTERPARTS</u>

18.     This Stipulation may be executed in multiple counterparts by the signatories hereto, including by email in PDF format or by telecopier, and as so executed shall constitute one agreement.

<u>GOVERNING LAW</u>

19.     This Stipulation and the Settlement contemplated by it, and any dispute arising out of or relating in any way to this Stipulation or the Settlement, whether in contract, tort or

16

**SUBJECT TO FED. R. EVID. 408**

otherwise, shall be governed by and construed in accordance with the laws of the state of Maryland, without regard to conflicts of law principles.  Each of the Parties (a) irrevocably submits to the personal jurisdiction of any state or federal court sitting in Greenbelt, Maryland, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action or proceeding arising out of or relating to this Stipulation or the Settlement, (b) agrees that all claims in respect of such suit, action or proceeding shall be brought, heard and determined exclusively in the Federal Court (provided that, in the event that subject matter jurisdiction is unavailable in that court, then all such claims shall be brought, heard and determined exclusively in any other state or federal court sitting in Greenbelt, Maryland), (c) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court, and (d) agrees not to bring any action or proceeding arising out of or relating to this Stipulation or the Settlement in any other court.  Each of the Parties waives any defense of inconvenient forum to the maintenance of any action or proceeding brought in accordance with this Paragraph.  Each of the Parties further consents and agrees that process in any suit, action or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law, and in the case of any party by giving such written notice to such party's Counsel.

**REPRESENTATIONS BY COUNSEL**

20.    The Parties represent and agree that the terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

**SUBJECT TO FED. R. EVID. 408**

21.    This Stipulation is being executed by counsel for the Parties, each of whom represents and warrants that he or she has been granted full and complete authority from his or her client or clients to enter into this Stipulation, which has full force and effect as a binding obligation of such clients.  Plaintiffs and Plaintiffs' Counsel further represent and warrant that Plaintiffs have been stockholders in American Capital throughout the period covered by the Actions and this Stipulation and that their claims and causes of action referred to in this Stipulation have not been and will not be, assigned, encumbered, or in any manner transferred in whole or in part.

## ENTIRE AGREEMENT/WRITTEN MODIFICATIONS

22.    This Stipulation constitutes the entire agreement among the Parties with respect to the subject matter hereof, supersedes all written or oral communications, agreements or understanding that may have existed prior to the execution of this Stipulation, including the MOU, and may be modified or amended only by a writing signed by the Parties hereto.  The Parties have not executed or authorized the execution of this instrument in reliance upon any promise, representation or warranty not contained herein.   All of the exhibits hereto are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits are expressly made part of this Stipulation.

## SUCCESSORS, ASSIGNS AND THIRD PARTY BENEFICIARIES

23.    This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective agents, executors, heirs, Current American Captial Stockholders, successors and assigns; provided, that no Party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other Parties hereto. The Released Parties

**SUBJECT TO FED. R. EVID. 408**

who are not Parties are intended third party beneficiaries under this Stipulation entitled to enforce this Stipulation in accordance with its terms.

<u>INTERPRETATION</u>

24.     This Stipulation shall be deemed to have been mutually prepared by the Parties and will not be construed against any of them by reason of authorship.  Paragraph titles have been inserted for convenience only and shall not be used in determining the terms of this Stipulation.

<u>CONFIDENTIALITY AGREEMENTS</u>

25.     To the extent permitted by law, all agreements made and orders entered during the course of the Actions relating to the confidentiality of documents or information shall survive this Stipulation.

<u>WAIVER</u>

26.     The waiver by any Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of that or any other prior or subsequent breach of any provision of this Stipulation by any other Party.

[*Signature Page Follows*]

**SUBJECT TO FED. R. EVID. 408**

WHEREFORE, the Parties hereto have executed this Stipulation as of this 19th day of February, 2013.

_____
Kip B. Shuman
Rusty E. Glenn
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: (303) 861-3003
kip@shumanlawfirm.com
rusty@shumanlawfirm.com

_Counsel for Plaintiffs Henry Butler and_
_Maria Saenz Briones, derivatively on behalf_
_of American Capital, Ltd._

_____
Steven J. Toll
Daniel S. Sommers
Joshua M. Kolsky
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jkolsky@cohenmilstein.com

_Liaison Counsel for Plaintiffs_

_____
Donald J. Enright
Nicholas I. Porritt
LEVI & KORSINSKY LLP
1101 30th Street, NW
Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

_Counsel for Plaintiff Vernon Probanz,_
_derivatively on behalf of American Capital, Ltd._

Francis A. Bottini, Jr.
Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
fbottini@bottinilaw.com
achang@bottinilaw.com

_Counsel for Plaintiff Louis Britt, derivatively_
_on behalf of American Capital, Ltd._

Scott B. Schreiber
John Massaro
Arthur Luk
Kavita Kumar Puri
Robert A. Stolworthy
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Scott.Schreiber@aporter.com
John.Massaro@aporter.com
Arthur.Luk@aporter.com
Kavita.Puri@aporter.com
Robert.Stolworthy@aporter.com

_Counsel for Defendants and Nominal Defendant_
_American Capital, Ltd._

20

**SUBJECT TO FED. R. EVID. 408**

WHEREFORE, the Parties hereto have executed this Stipulation as of this 19th day of February 2013.

Kip B. Shuman
Rusty E. Glenn
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: (303) 861-3003
kip@shumanlawfirm.com
rusty@shumanlawfirm.com

*Counsel for Plaintiffs Henry Butler and
Maria Saenz Briones, derivatively on behalf
of American Capital, Ltd.*

Francis A. Bottini, Jr.
Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
fbottini@bottinilaw.com
achang@bottinilaw.com

*Counsel for Plaintiff Louis Britt, derivatively
on behalf of American Capital, Ltd.*

Steven J. Toll
Daniel S. Sommers
Joshua M. Kolsky
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jkolsky@cohenmilstein.com

*Liaison Counsel for Plaintiffs*

Scott B. Schreiber
John Massaro
Arthur Luk
Kavita Kumar Puri
Robert A. Stolworthy
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Scott.Schreiber@aporter.com
John.Massaro@aporter.com
Arthur.Luk@aporter.com
Kavita.Puri@aporter.com
Robert.Stolworthy@aporter.com

*Counsel for Defendants and Nominal Defendant
American Capital, Ltd.*

Donald J. Enright
Nicholas I. Porritt
LEVI & KORSINSKY LLP
1101 30th Street, NW
Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

*Counsel for Plaintiff Vernon Probanz,
derivatively on behalf of American Capital, Ltd.*

**SUBJECT TO FED. R. EVID. 408**

WHEREFORE, the Parties hereto have executed this Stipulation as of this 19th day

of February 2013.

---

Kip B. Shuman
Rusty E. Glenn
The Shuman Law Firm
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: (303) 861-3003
kip@shumanlawfirm.com
rusty@shumanlawfirm.com

*Counsel for Plaintiffs Henry Butler and*
*Maria Saenz Briones, derivatively on behalf*
*of American Capital, Ltd.*

---

Steven J. Toll
Daniel S. Sommers
Joshua M. Kolsky
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3964
Telephone: (202) 408-4600
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
jkolsky@cohenmilstein.com

*Liaison Counsel for Plaintiffs*

---

Donald J. Enright
Nicholas I. Porritt
LEVI & KORSINSKY LLP
1101 30th Street, NW
Suite 115
Washington, DC 20007
Telephone: (202) 524-4290

*Counsel for Plaintiff Vernon Probanz,*
*derivatively on behalf of American Capital, Ltd.*

---

Francis A. Bottini, Jr.
Albert Y. Chang
Bottini & Bottini, Inc.
7817 Ivanhoe Ave., Suite 102
La Jolla, CA 92037
Telephone: (858) 914-2001
fbottini@bottinilaw.com
achang@bottinilaw.com

*Counsel for Plaintiff Louis Britt, derivatively*
*on behalf of American Capital, Ltd.*

Scott B. Schreiber
John Massaro
Arthur Luk
Kavita Kumar Puri
Robert A. Stolworthy
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Scott.Schreiber@aporter.com
John.Massaro@aporter.com
Arthur.Luk@aporter.com
Kavita.Puri@aporter.com
Robert.Stolworthy@aporter.com

*Counsel for Defendants and Nominal Defendant*
*American Capital, Ltd.*

20

SUBJECT TO FED. R. EVID. 408

WHEREFORE, the Parties hereto have executed this Stipulation as of this 19th day

of February 2013.

| | |
|---|---|
| Kip B. Shuman<br>Rusty E. Glenn<br>The Shuman Law Firm<br>885 Arapahoe Avenue<br>Boulder, CO 80302<br>Telephone: (303) 861-3003<br>kip@shumanlawfirm.com<br>rusty@shumanlawfirm.com<br><br>*Counsel for Plaintiffs Henry Butler and*<br>*Maria Saenz Briones, derivatively on behalf*<br>*of American Capital, Ltd.* | Francis A. Bottini, Jr.<br>Albert Y. Chang<br>Bottini & Bottini, Inc.<br>7817 Ivanhoe Ave., Suite 102<br>La Jolla, CA 92037<br>Telephone: (858) 914-2001<br>fbottini@bottinilaw.com<br>achang@bottinilaw.com<br><br>*Counsel for Plaintiff Louis Britt, derivatively*<br>*on behalf of American Capital, Ltd.* |
| Steven J. Toll<br>Daniel S. Sommers<br>Joshua M. Kolsky<br>Cohen Milstein Sellers & Toll PLLC<br>1100 New York Avenue, N.W.<br>West Tower, Suite 500<br>Washington, DC 20005-3964<br>Telephone: (202) 408-4600<br>stoll@cohenmilstein.com<br>dsommers@cohenmilstein.com<br>jkolsky@cohenmilstein.com<br><br>*Liaison Counsel for Plaintiffs*<br><br>Donald J. Enright<br>Nicholas I. Porritt<br>LEVI & KORSINSKY LLP<br>1101 30th Street, NW<br>Suite 115<br>Washington, DC 20007<br>Telephone: (202) 524-4290<br><br>*Counsel for Plaintiff Vernon Probanz,*<br>*derivatively on behalf of American Capital, Ltd.* | Scott B. Schreiber<br>John Massaro<br>Arthur Luk<br>Kavita Kumar Puri<br>Robert A. Stolworthy<br>Arnold & Porter LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004<br>Telephone: (202) 942-5000<br>Scott.Schreiber@aporter.com<br>John.Massaro@aporter.com<br>Arthur.Luk@aporter.com<br>Kavita.Puri@aporter.com<br>Robert.Stolworthy@aporter.com<br><br>*Counsel for Defendants and Nominal Defendant*<br>*American Capital, Ltd.* |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2013, copies of the foregoing were electronically served on counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification.


 */s/ Daniel S. Sommers*
 Daniel S. Sommers