**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE AMERICAN CAPITAL, LTD. DERIVATIVE LITIGATION | ) ) ) ) ) ) ) ) ) | Lead Case No.: 8:11-cv-2424-PJM <br><br> Consolidated With: 8:11-cv-2428-AW <br><br> 8:11-cv-2459-RWT |
| This Document Relates To: | | |
| ALL ACTIONS | | |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

WHEREAS, the Stipulation of Settlement (the "Stipulation"), executed on February 19, 2013 (the "Settlement"), in the above-captioned consolidated actions ("Federal Action") was presented at the settlement hearing held on _____ ___, 2013 (the "Settlement Hearing"), pursuant to the Scheduling Order entered herein on _____ ___, 2013;

WHEREAS, the Stipulation was joined and consented to by all parties to the above-captioned consolidated actions as well as by Vernon Probanz, who filed an action in the Circuit Court for Montgomery County, Maryland, Civil Action No. 352690-V (together with the Federal Action, the "Actions"), and is incorporated herein by reference;

WHEREAS, pursuant to the Scheduling Order, this Court preliminarily approved the Settlement and the publication of the Notice of Settlement (the "Notice");

WHEREAS, the Notice has been published in accordance with the Scheduling Order; and

WHEREAS, the Court, having heard and considered the Stipulation at the Settlement Hearing; the attorneys for their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Notice and Scheduling Order; the Court having determined that the Notice met the requirements

of Federal Rule of Civil Procedure 23.1 and was adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this ___ day of _____, 2013, that:

1.     On or about _____ ___, 2013, the Notice was disseminated, as provided for in the Scheduling Order, and as stated in the affidavit of notice filed with the Court by American Capital, Ltd. ("American Capital").  The form and manner of the Notice given is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process and Federal Rule of Civil Procedure 23.1, and to constitute full and adequate notice to American Capital's shareholders as of February 19, 2013 ("Current American Capital Stockholders").

2.     Current American Capital Stockholders are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided.

3.     The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of American Capital and Current American Capital Stockholders, and it is hereby approved.  The parties to the Settlement are directed to comply with, and to consummate, the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Federal Action.

4.     This Order and Final Judgment hereby dismisses the Federal Action with prejudice and releases and fully and completely discharges any and all claims, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, judgments, suits, fees,

expenses, costs, matters and issues of any kind or nature whatsoever, whether known claims or Unknown Claims, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future can or might be asserted in any action or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law) by Plaintiffs or any Current American Capital Shareholder on behalf of American Capital or by American Capital against any Defendant or other officer, director or employee of American Capital and their respective families, parent entities, associates, affiliates or subsidiaries, and each and all of their respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, financial or investment advisors, advisors, consultants, accountants, investment bankers, commercial bankers, trustees, engineers, agents, insurers, co-insurers and reinsurers, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, heirs, executors, personal or legal representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Parties"), whether or not any such Released Parties were named, served with process or appeared in the Actions, which relate in any way to, have arisen, could have arisen, arise now or hereafter arise out of or relate in any manner to the allegations, facts, events, acquisitions, matters, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved or set forth in, or referred to or otherwise related in any way to: (i) the Actions or the matters alleged or which could have been alleged therein; (ii) matters alleged or which could have been alleged in the Securities Action, to the extent those matters could be alleged as derivative claims, (iii) dividend matters from 2007 through the present; (iv) the fiduciary obligations, if any, of the Defendants or

Released Parties in connection with the facts alleged in the Actions; (v) the disclosures or disclosure obligations of any of the Defendants or Released Parties in connection with the facts alleged in the Actions; and (vi) any other legal obligation, if any, of the Defendants or Released Parties in connection with the facts alleged in the Actions; provided, however, that the Released Claims shall not include any claims subject to the Final Judgment entered in the Securities Action or to enforce the Stipulation.

5. This Order and Final Judgment hereby fully, finally and forever releases, relinquishes and discharges each party and its respective heirs, executors, administrators, estates, predecessors in interest, predecessors, successors in interest, successors, shareholders and assigns all claims against every other party and that party's counsel arising out of or relating to the institution, prosecution, settlement and resolution of the Actions (the "Release of Parties"); provided, however, that the Release of Parties shall not include the right to, or any claim or action brought to, enforce the Stipulation or the confidentiality stipulation agreed upon by the parties.

6. The release and discharge included in this Order and Final Judgment shall extend to claims that the Plaintiffs and all Current American Capital shareholders do not know or suspect to exist at the time of the release, which, if known, might have affected his, her or its decision to enter into the release. Plaintiffs and all Current American Capital shareholders shall be deemed to relinquish, to the extent applicable, and to the full extent permitted by law, the provisions, right and benefits of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and all Current American Capital shareholders shall be deemed to waive any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

7. This Order and Final Judgment shall not constitute or be construed to be an admission of, or evidence of, the validity of the Released Claims, or of any wrongdoing or liability of any party, or deemed to be or used as an admission of, or evidence of any fault or omission of any party in any civil, criminal or administrative proceeding in any Court, administrative agency or other tribunal. The parties to this Settlement or any of them may file this Order and Final Judgment and/or the Stipulation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8. Federal Plaintiffs' Counsel, on behalf of all Plaintiffs' Counsel, are hereby awarded fees and expenses in the amount of $_____, which fees and expenses the Court finds to be fair and reasonable. Plaintiffs are awarded Service Awards of $1,000 each. The Service Awards are to be paid from the fee and expense award.

9.      This Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and the parties to the Stipulation submit to the jurisdiction of this Court for the purpose of the implementation and enforcement of the settlement embodied in the Stipulation.

Dated this _____ day of _____, 2013

_____
United States District Judge